And so with that, Madam Clerk, I would ask you to call the first case. The first cases are in re Cashion Family Trust and in re Western Steel Inc., Stephen Mark Hayden, Appellant Arguing Pro Se, and Joel Schwartz appearing for Appalese. Right, and I see Mr. Schwartz. Mr. Hayden, I don't see you. Uh, uh, except now you're on mute. So could you please unmute yourself? Yes, ma'am. All right. Thank you very much. All right. So you're the appellant, Mr. Hayden. You've got two appeals, but it's the same issue. So you you will have 15 minutes in total to make your argument. So please let me know if you would like to reserve any time for rebuttal. I would like to reserve approximately five minutes for rebuttal. All right. Thank you. Please begin. Thank you. First of all, I appreciate the time of the course. This is a great honor to speak in front of you. And we all just have so much time. We have that clock over there. Your attention is very important. Now, prior to this hearing today, there were 3,000 pages filed in an appendix. I didn't have time to read them. I hope y'all haven't had your time to read them. But I did ask that the court in a motion filed just a few days within the last 48 or 72 hours, that the court strike those 3,885 pages in a record excerpts. Those 3,000 pages were intended to show that I was vexatious. But I think that such a long excerpts that I'm not able to spend time reading really does not prove that, proves quite the opposite. But I'll go ahead and give my opening statement. And I have included a short brief about why the reasons that Joel Schwartz is not authorized to represent the Cashin family trustee. He represented the Cashin family trustee at the hearing on both of these appeals that are very interrelated. He was not authorized. And I refer the appellate court to that brief, which is part of the record before this hearing actually starts. And I think it's always important for me to show respect to Joel, for me to show respect to members of the court. And I'll let the court at their time and leisure review that brief. I thank you. So with that, I'll begin my opening brief. I'll spend approximately eight minutes. The July 29th, 2024 hearing was a combined hearing. It was invalid because attorney Schwartz never established authority to represent the Cashin trust. That was the debtor of one of the cases. Motion 43 was filed in the Cashin family trust without proper standing for him to represent the Cashin family trust. And the court relied on it to impose sanctions. That's a very serious statement. And I am aware of the severity of that statement. However, if you look at the docket sheet for the Cashin family trust, and for brevity, I'll refer to it as 13583. In that docket, Schwartz is not listed as the appearing attorney of record. And yet he appears in the hearing entries. The consolidated hearing created due process defect affecting both appeals. The bankruptcy docket shows a debtor as a Cashin family trust, EIN 817,843. Representation, according to docket sheet, pro se. No trustee appeared. No trust document was showing that Joe Schwartz could appear. No trustee affidavit was filed. No motion to appear for the trust was filed by attorney Schwartz. Motion 43, the motion to declare me a vexatious litigant was only filed on behalf of Western Steel and William Cashin. Yet at the July 29th hearing, Mr. Schwartz appears and argued as though he represented both the trust and the creditors. And the creditors would have included Cashin family trust. A trust is not a natural person, and it must act through a trustee. And the lawyer must be engaged by the trustee. None of that appears in this record. Under federal law, when authority is challenged or unclear, the court must require counsel to produce their authorization. That never happened. This goes to jurisdiction. If a party appears to an unauthorized lawyer, the proceeding cannot stand. Motion 43 lacked standing because it was filed by non-party creditors. Motion 43 was styled as filed by Joe Schwartz on behalf of William Cashin and Western Steel. The movements were not the debtor, the trustee, or the party authorized to act for the Cashin trustee. Yet the bankruptcy court treated the Motion 43 as if it came from the debtor or a representative of the debtor. This court's vexatious litigant order depends entirely on the legitimacy of Motion 43. If the movement lacked standing, and he clearly did, the resulting order is void. The consolidated July 29th hearing caused due process violations. The hearing combined the Cashin Family Trust order to show cause, Motion 43, Western Steel adversary order to show cause, and a vexatious litigant motion in the adversary. This single hearing became factual foundation for both orders now on appeal. But the parties and roles were never clarified. I had noticed that the debtor, previously listed as pro se, would suddenly be represented. I had no notice that Schwartz would appear and claim to be the Cashin family attorney lawyer, because that's not what the docket states. And as a normal person, I depend on the docket. Had I known, I would have called witness, and I could have rebutted that in person, in the rebutted, uh, his represent false representations at the hearing. I did not know that, and I'd asked for a delay for the hearing and was unable to attend. By consolidating the hearing, without, uh, without clarifying authority or representation, the court denied me a fair notice and an opportunity to be heard. The remedy, I respectfully request reversal of the vexatious litigant orders, vacating the July 29th hearing findings, and remand for a proceeding where counsel's authority is established on the record. I'm at seven minutes and 31 seconds, and I want to know, want you to know that life is short. My life is short, your life is short, your attention is short, and I just, we're all short. We don't need 3,000 pages attached as to an exhibit, as, as record excerpts. We need to stick one case at a time, because God knows I can't handle more than one case at a time. Thank you. That, that's it. It saved the rest of my time. Thank you. All right. Thank you very much, Mr. Hayden. Uh, we'll turn to you, Mr. Schwartz. Thank you, your honors. May it please the court, Joel Schwartz on behalf of Appalese William B. Cashin and Western Steel Inc. and Alabama Corporation. I've previously argued to at least two of the panel judges today in another prior appeal by Mr. Hayden, and so I know your honors are familiar with the background of this case. I would say between Mr. Hayden's brief and his arguments today, your honors have now seen a glimpse of what the bankruptcy court, Judge Spraker, dealt with for more than two years across four vexatious proceedings, uh, commenced by Mr. Hayden and what I have been dealing with as counsel to Mr. Cashin and to Western Steel Inc., uh, the legitimate Alabama company, not the sham Nevada company that's a debtor in one of those four proceedings, uh, for about seven years now and what my clients have been dealing with, uh, with regard to Mr. Hayden for over 15 years. Uh, and, uh, Mr. Mr. Hayden, uh, did make reference to a couple of his recent rogue filings in this case or in these consolidated cases. Um, I would like to briefly address, uh, Mr. Hayden's utterly false contention that I have at any time, uh, purported to be representing one of his sham trusts, in particular, the Cashin Family Trust, which does not exist. Uh, and that is one of the issues among many, uh, that is noted by Judge Spraker in his orders to show cause, uh, and in, uh, his 72 page memorandum decision that accompanied the vexatious litigant order. There were two other entities, uh, fraudulent trust that Mr. Hayden created more than 15 years ago, uh, for the purposes of trying to commit fraudulent transfers, uh, of Mr. Cashin's assets. Uh, those were dealt with in a judgment, a final judgment in 2013 in Alabama. Uh, but I have never, and the record is quite clear, and Mr. Hayden himself admits, I've never filed any document on behalf of the Cashin Family Trust, and I've never purported to represent the Cashin Family Trust, which is a sham non-existent trust. Uh, there is another rogue filing by Mr. Hayden that suggests that the Apolese supplemental excerpts of the record should be stricken. I would just like to note that, uh, Mr. Hayden initially attempted to, uh, commence this bankruptcy as if there was no Apolese. Uh, and, uh, so of course there was never any consultation about what would be the appendices or the excerpts from the record. Uh, in a, in connection with the Apolese answering brief, we provided, among other things, the memorandum decision itself, which was absent from any of Mr. Hayden's filings. In Judge Spraker's 72 page memorandum decision, he extensively set forth factual findings that were supported by citations to the record. The supplemental excerpts to the record that Apolese have presented the court are those, are those documents in the record that, that Judge Spraker was citing to support his determination that Mr. Hayden was a vexatious litigant. So, essentially what Mr. Hayden is telling you today, and in his recent rogue filing, is I don't want the court to actually make any decision based upon the documents that Judge Spraker himself was relying upon in making his decision. I'm appealing a determination that I'm vexatious, but I don't want this court to actually see why it is that Judge Spraker decided that I am vexatious. Uh, I, I note that Mr. Hayden did not spend any time today talking about the standard of review, uh, on appeal, uh, nor did he talk about it in his briefs, uh, but it is for abuse of discretion. And I would respectfully submit that there is nothing remotely approaching an abuse of discretion by Judge Spraker in this case. If anything, Judge Spraker repeatedly demonstrated judicial restraint. Uh, that is part of the reason why these proceedings went on as long as they did. And so, uh, I, I'm at a loss as to where in a 72-page memorandum decision that accompanied this vexatious litigant order, Judge Spraker in any way abused his discretion. Mr. Hayden, uh, fundamentally misunderstands the difference between a party and a party in interest. This was gone over with Mr. Hayden, uh, in proceedings with Judge Spraker, uh, and what you have here today is, again, an argument that, that doesn't understand that as judgment creditors of Mr. Hayden, uh, and specifically with respect to Alabama Western Steel, my client, that they are parties in interest to proceedings wherein Mr. Hayden, before the bankruptcy court, attempted to conflate his sham debtor company, Western Steel, Inc., a Nevada corporation, with my client, Alabama Western Steel. They were parties in interest. Judge Spraker extensively addressed this. It is talked about in his memorandum decision, uh, and Mr. Hayden continues to either just disregard that because he doesn't understand it or because he doesn't like it, and so he just ignores it. But my clients were parties in interest. They were directly interested in multiple proceedings, uh, one of which was a, an adversary within the Western Steel bankruptcy where Mr. Hayden tried to argue that by my clients as his judgment creditors in Alabama trying to proceed against his assets, he was somehow violating the automatic stay in the Western Steel bankruptcy. It is a bit rich that he would argue about standing considering he tried to commence an adversary proceeding in his personal capacity against his judgment creditors on behalf of the sham debtor, Western Steel, Inc., when he had no such standing. That was part of an order to show cause issued by Judge Spraker. There is before this court, uh, as was before the district court, a substantial record of vexatious litigation tactics and actions by Mr. Hayden across four bankruptcy proceedings. His individual bankruptcy, his chapter 13, wherein he falsely attested that he was a Nevada resident, uh, filed that to stop a foreclosure sale from occurring in Alabama and then dismissed that within two weeks and was sanctioned ultimately for filing that in bad faith for more than $75,000. Undeterred, he filed three more proceedings, and the district court has set forth, Judge Spraker has set forth 37 pages worth of factual findings about what Mr. Hayden did, uh, across four proceedings. Lastly, I think Mr. Hayden wants to argue that there's been somehow a due process violation because he chose not to show up for the July 29th, 2024 evidentiary hearing. I would note, and this is in the record and we talk about in our briefs, that there was a March 14th, 2024 scheduling conference that, uh, Mr. Hayden received notice of and he did not appear for that. We were scheduled to appear in person before Judge Spraker in Las Vegas on July 11th, 2024. Uh, Mr. Hayden indicated that he would not be appearing in person for that, but he did appear telephonically. We had that hearing, uh, with Judge Spraker at that time. That is when we decided collectively we would have the evidentiary hearing on the vexatious litigants motions and the court's orders to show cause on July 29th, 2024 in person in Reno. We were all present for that hearing. Mr. Hayden agreed and then decided on July 29th, 2024 he was not going to show up. That is not a due process violation. It is, as you will see from all of the previous litigation actions that Mr. Hayden has vexatiously commenced, a common practice by Mr. Hayden to file things and then when it actually comes time to have the hearing on the merits, he doesn't show up. But that's not a due process violation by the district court in any way. I don't see that Mr. Hayden has in any way addressed the scope of the actual vexatious litigant order. That is an issue that he raised in his opening briefs, but I would respect respectfully submit that those are essentially standard vexatious litigant pre-litigation filing restrictions that were imposed by the court. They're not quite frankly as broad as what I had hoped and what we've now seen in the district court since then is that Mr. Hayden has tried to skirt the vexatious litigant order by having his son, who attempted to appear today, file things and having his wife file things. We had asked that they be included within the scope of the vexatious litigant order and they were not. So the order was significantly more narrowly tailored than what we asked for. I don't think I have anything further unless your honors have questions for me, but I respectfully submit that this is just as frivolous of an appeal as all of the proceedings before the district court have been frivolous and vexatious. All right, thank you. I don't have any questions, Judge Lafferty or Judge Gann. Thank you for your time, your honors. All right, thank you, Mr. Schwartz. Mr. Hayden, you've got about seven and a half minutes left or seven minutes approximately. And you're on mute again. Thank you. Mr. Schwartz, I believe he said he had never appeared for the fraudulent Cash and Family Trust. At least that's what I thought he said. And I think he said correctly that the honorable Judge Sprayton, a man of great learning, which I have never said he is not a very extremely intelligent person, extremely experienced, highly respected by his peers, honored among lawyers, and yet Judge Sprayton has been burdened with all these things thrown in his plate. Now, I am responding to what he said. He said he had never represented the Cash and Family Trust, but if you look in the appeal numbered 1069, document 14-2, affidavit of Joel Schwartz, he says, I am the representative of the Cash and Family Trust. The three magic words. That's exactly right. And so, yes, he is claimed to be a representative of the Cash and Family Trust at that hearing. He did take witness testimony. I was not informed of the witness that would appear. And in fact, I was told that I could not call witnesses. Now, ordinarily, Judge Sprayton would never get involved in stuff like that. But Judge Sprayton, like all judges, has the right to expect the highest level of honor and dignity among the lawyers that come before them. That's your right as attorneys. I may be totally stupid when it comes to the law or the facts or legal tactics, but I do know words. One word is inherent. Inherent authority. And one of the things about inherent authority is what's in your court. You have so much on that your attention is best devoted to what's in your court, not what's outside your court. We've heard Joel today talking about other cases, other courts, Alabama courts, state courts, all these things that are grounds for the use of inherent authority. And but, hey, do we really want to exercise that power if we don't have a duty? And I would say, as human beings, as responsible, honored members of the court, you have no duty to go outside your court and listen to the trash that happened in other courts. And if I did trash crap, I mean, pardon the expression, garbage, if I did garbage in other courts, that's for those courts to take care of that garbage in their courts. Other courts don't need, district courts and state courts don't need you to be bothered by that garbage. And if you don't have a duty to take care of that garbage, then you don't have the responsibility to take that garbage. And it really is an abuse of discretion for a judge in Nevada District Court to take care of my garbage in other courts. So even assuming that I am the most garbage, I'm the biggest garbage man in world history, garbaging up every other court in the entire world. You only need to worry about the garbage I bring to your court. That's all you need to be burdened with. Don't saturate your mind with any garbage I brought to any other court or any other state proceedings. And as for my family, if they brought garbage someplace else, let them, whoever they take out care of the garbage. Your life is too short. There is no excuse for this judge to be burdened with 72 pages because garbage is dumped on him. Because 3,000 pages of documents that Joe Schwartz knew were not a part of the Record on Appeal. Those should have never been in the Record on Appeal of this case because they're not part of the Record of Appeal. I am stupid. I am very stupid. But I know Record of Appeal means it has to be excerpts of the record to be in the excerpts of the Record of Appeal. The 2,085 pages, they didn't come from these cases. So if you had a case at a time, they were not inserted in both cases simultaneously. They were a case at a time, and they did not come from the Record on Appeal. He did not have the authority as a non-party to amend the record. He did not take the effort to amend the original Record on Appeal. So they're not part of the case. Once those go out, even in this case, what he wanted to do was same tactics he used on Spraker. Throw a bunch of garbage against the wall, and then you get overwhelmed and say, hey, I'm Vexed even now. Yes, I'm Vexed even trying to read the excerpts of the record. It cost me like 15 bucks just to download it. It's so stinking large. I don't want that crap. You don't need that. Excuse me. You don't need that. I don't need that. Spraker doesn't need that. Your time is too valuable. Mine is too. As for, hey, did he represent the Cash and Family Trust? He hasn't denied that it was a combined hearing. He's calling witnesses. He's biasing the judge. He's overloading it. And in the end, he files, many of the documents that he files are his responses to his. He's much more garbage. He's as big a garbage man as I am. But he's getting paid 500 bucks an hour, and I'm not. I went through bankruptcy. So that's the way it is. But we don't need this. And million dollar clients can afford Schwartz, but that's not what our courts need. What our courts need is to go by the briefs, and I refer you all to my briefs. Throw out the extra, and let's just, let's keep it life simple. Let's keep the relief, which I asked for. Thank you. All right. Thank you. Thank you, Mr. Hayden. Thank you, Mr. Schwartz, for your arguments. This matter will be submitted. We'll issue a decision promptly. Thank you. Thank you, Your Honors.
judges: Brand, Lafferty, and Gan